EUGENIA ARMENDIAZ V. JAMES STILLMAN ET AL.

(Case No. 1355.)

1. VENUE — CONSTRUCTION OF STATUTE — JURISDICTION.— The plaintiff sued for damages caused to his land and the improvements thereon, situate on the south bank of the Rio Grande river in Mexico, by obstructions placed in the bed of said river by defendant, on the Texas side thereof, in the county of Cameron, in which county the defendant resided, and the suit was brought. On the question of jurisdiction, held —

1. The technical rules of the common law have no more to do in determining the venue of a cause in Texas, than the rules of the common law governing the form and names of actions.

2. If the state failed to give to one of its citizens a remedy against others for such an injury as the one complained of, it would fail to observe the constitutional pledge promising a remedy by due course of law for injury done, in lands, person or repu-

tation, as plainly as if it refused a remedy for an injury inflicted in a foreign jurisdiction to one's goods or person.

3. Article 1198 of the Revised Civil Statutes subjects every citizen to be sued in the county of his domicile, subject to certain exceptions, of which this is not one. That article annuls the technical rule of the common law regarding transitory and local actions.

4. The 13th exception to art. 1198 has no application in this case, and the action was maintainable in Cameron county, as the county of defendant's residence, not only under the general provisions of that article, but under the eighth subdivision of it.

APPEAL from Cameron. Tried below before the Hon. John C. Russell.

The opinion states the case.

*Wm. H. Russell* and *John Ireland*, for appellant.

*Powers & Wells*, for appellees.— The plaintiff assumed that his action herein is brought under section 8 of article 1198, Revised Statutes, in lieu of section 13 of the same article. And he seems to assume also, that the term "trespass" in said 8th section must refer to real estate. In these propositions we think he is plainly mistaken. The word "trespass" in section 8 of said article, we submit, refers to acts of personal trespass or wrongs, and not to real estate, because real estate is not referred to in said section. Real estate is only referred to in said article, sections 10, 11, 12 and 13.

Judge Cooley in his Law on Torts, p. 471, says this is the distinction: "If the cause of action is one that might have arisen anywhere, then it is transitory; but if it could only have arisen in one place, then it is local; therefore, while an action of trespass to the person, or for the conversion of goods, is transitory, action for flowing lands is local, because they can be flooded only where they are. For the most part, the actions which are local are those brought for the recovery of real estate, or for injuries thereto or to easements."

We have adopted this definition of the distinction between transitory and local actions, because so simple and of such high authority.

A most notable example of a transitory action, and one founded upon a personal trespass, was the case of Mostyn v. Fabrigas, Cowp., 161; and also reported in 1 Smith's Leading Cases, p. 340, etc.

The defendants insist that this cause of action is founded upon section 13 article of 1198 of the Revised Statutes, because this section provides, " that suits for the recovery of lands or damages thereto, suits to remove incumbrances upon the title to land, suits to quiet the title to land, and suits to prevent or stay waste on lands, must be brought in the county in which the land or a part thereof may lie."

Thus we see that the provisions of this section, in connection with sections 10, 11 and 12, embrace all the common law provisions concerning local actions as affecting real estate, and that damage to real estate, and to prevent or stay waste on lands, are actions that must be brought in the county where the lands lie.

And we submit that this action is not only one for damages to real estate, but to prevent and stay waste; else why ask for the injunction? Art. 1198, Revised Statutes of Texas, and especially §§ 8, 10, 11, 12 and 13 of the same; art. 3128, Revised Statutes, introducing the common law of England except as modified by statute; Gould's Pl., pp. 116, 117, and authorities cited; 1 Chitty's Pl., pp. 267–9, and authorities cited; Stephen on Pl., p. 286, top; id., p. 288; 1 Bac. Ab., Bouvier's edition (B), Actions Local and Transitory, p. 82, and authorities cited; Story on Conflict of Laws, § 554.

Each state regulates its own jurisdiction; and if the position of the plaintiff were correct, what would become of the provisions of the Texas statute, that we have before examined, which provide that actions for damages to

real estate, and to prevent or stay waste on lands, must be brought in the county where the lands lie? How can the plaintiff work up a fiction that will transfer lands in Mexico into Cameron county?

Chief Justice Marshall, in the case of Livingston v. Jefferson, 1 Brock., 203, which was an action for trespass upon land charged against the defendant to have been committed in Louisiana, decided that by the laws of Virginia, where the suit was brought, actions for damages to real estate committed in another state would not lie in the courts of Virginia. It would seem, then, that the Virginia and Texas statutes are identical as to this provision. And he placed the question, also, upon the common law provision concerning local and transitory actions. In the course of his reasoning, he adverted to the necessity, if this extra, territorial-jurisdiction, as claimed, were conceded, of knowing, and the difficulty of knowing the laws of a foreign country, so as to apply them properly to the questions of tenure of real estate in foreign states and countries. And it cannot be doubted that the exercise of such jurisdiction would be attended with infinite perplexities and difficulties.

The cases cited by the plaintiff as examples of the exercise of the jurisdiction claimed, are questions arising between the states of our Union, and in no wise affecting foreign countries.

In the case of Rundle v. Delaware & Raritan Canal, 1 Wallace, Jr., 275, when Judge Grier exercised the jurisdiction claimed, so far as the states of New Jersey and Pennsylvania were concerned, it must be presumed that the laws of New Jersey permitted this, or at least that the jurisdiction was not prohibited as in Virginia and Texas.

That jurisdiction in this regard is the creature of the state, must be inferred from the diversity of the cases decided in several of them. Cooley on Torts, p. 471; id., 472, and notes 1, 2, 3, 5; McKenna v. Fisk, 1 How., 248.

MOORE, CHIEF JUSTICE.— This is an action brought by Eugenia Armendiaz, a citizen of Cameron county, state of Texas, in the district court of that county, against the appellees, James Stillman, a citizen of the city and state of New York, but the owner of real estate in Cameron county, and Thomas Carson and A. M. Field, both of whom are resident citizens of said county of Cameron, for the recovery of damages for wrongs and injuries charged to have been done him by appellees, by means of an obstruction alleged to have by them wrongfully placed in the water bed of the Rio Grande river on the Texas side thereof in said county of Cameron, so as to throw the current of said river against and upon the land of appellant, situated on the south or Mexican side of said river, thereby causing the destruction and washing away of said land, pleasure garden or park, ornamental trees, stables and other houses on said land, and for money expended to protect his property from total destruction which would otherwise have been caused thereby, and for the loss of trade by reason of the injury and destruction of his property, etc.

To this petition appellees answered by general and special exceptions, and pleas to merits. On the case coming to trial, appellees' exceptions were sustained, and the cause dismissed by the court for want of jurisdiction. The correctness or error of this judgment is the only question presented in the record for our consideration.

The grounds relied upon by appellees to maintain the judgment are these: 1st. The action is for the recovery of damages to land in the republic of Mexico, and not the county of Cameron, in which the suit is brought. Whereas, as they maintain, by section 13 of article 1198, such a suit can only be brought in the county in which the land for injury to which damage is claimed, or some part of it, is situated. Evidently this section has reference, as is apparent from its language, to actions for

damages to land in some county in Texas. And the only weight which can be given to it is, that it leads to the conclusion, unless this is done in some other clause or section of the statute, that provision has not been made by the legislature for suits in this state for damage to land in a foreign state or country, to which we will advert hereafter. 2d. The action brought by appellant, by the rules and principles of common law, is local and not transitory, and can only be maintained in a court having jurisdiction of such cases in the locality where the land is situated.

In support of this proposition, we are referred to the opinion of Chief Justice Marshall, in the case of Livingston v. Jefferson (1 Brock., 203), "from whose authority no man will lightly dissent," which holds that upon technical common law grounds, which, however, the great chief justice himself confessedly deprecates, where the damage, and the act causing it, both take place beyond the jurisdiction of the court in which the suit is brought, the action cannot be maintained. No doubt other cases to the same effect can be readily cited. But such is not this case. Here the nuisance or act causing the damage was committed in Cameron county, where the suit is brought, and not in Mexico, where the damage was sustained.

In such a case, even by the technical rule of common law, the action may be maintained either in the jurisdiction where the act was committed or in that in which the injury was sustained.

In the case of Thayer v. Brooks, says the supreme court of Ohio: "The act was done in Pennsylvania; the injury which was occasioned by the act was sustained in Ohio. In such a case it is believed the suit would lie in either state. Where an injury has been caused by an act done in one county to land, etc., situated in another, the venue may be laid in either. 1 Chitty Pl., 299." 17 Ohio, 489.

Justice Grier in Rundle v. The Delaware and Raritan Canal (1 Wall., Jr.'s, Reports), says: " The first question in the order in which they have been argued with much learning and ability, is that effecting the jurisdiction of this court over the subject matter of the suit.

" Originally all actions were tried in the proper county in which they arose, pursuant to the maxim *vicini vicinorum facta presumuntur scire*. Now all · personal actions, as debt, detinue, assault, deceit, trover, etc., may be brought in any county. But actions, real and mixed, as trespass *quare clausum fregit*, ejectment, waste, etc., must be laid in the counties where the land lies, and if not so laid it is cause of demurrer (Bacon's Abridg., tit. Actions, Local and Transitory, Let. A). This distinction between actions local and transitory is still maintained (Livingston v. Jefferson, 1 Brockenborough, 203), even at the expense of a failure of justice. The present is undoubtedly to be classed with local actions. But it often happens that indictments for criminal offenses and actions on the case for injuries to real property and other cases local in their nature, are founded upon things done in *two or more counties*, which are necessary to constitute the offense. Formerly where a nuisance was done in one county to lands lying in another, *assisa in confinio comitatus* lay at common law. F. N. B., 183–4. 'And albeit,' says Lord Lake, 'the counties do not adjoin, but there be twenty counties mean between them, yet the *assize in confineo comitatus* doth lie, and the justices shall sit between the said counties (Co. Litt., 154 a),' and if a declaration contained matters lying in two counties, it was tried by both counties on a venire directed to the sheriff of both counties, who summoned six of each county. But such proceedings have long been obsolete, and the doctrine established in Bulwer's case (7 Rep., 2 a) has ever since been held as law both in England and this country. 'That where the action is founded on two

things done in several counties, ard both are material and
traversable, and the one without the other doth not main-
tain the action, then the plaintiff may bring his action in
which of the counties he will.' Thus, if a man does not
repair a wall in Essex which he ought to repair, whereby
my land in Middlesex is drowned, I may bring my action
in *Essex*, for *there is the default*, as it is adjudged in 7
Hen. IV, 8, or I may bring it in *Middlesex*, for *there I
have the damage*, as is proved by 11 R. I., *action sur the
case*, 36." Gowen *v.* Husse, 1 Duer, 38 a; Scott *v.* Brest,
2 Term, 241; Mayor *v.* Cole, 7 Term, 583; Rex *v.* Burdett,
4 Barn. & Alderson, 95; Oliphant *v.* Smith, 3 Penn., 180.

"It has been objected to the application of this doc-
trine to the present case, that it refers to counties which
adjoin, and not to sovereign states. This is a distinction,
it is true, between the cases cited and the present, but we
have heard no reason why it should make a difference.
Actions may be maintained in the courts of New Jersey
by a Pennsylvanian, to recover a debt or damage for a
personal injury; and why not for an injury to real prop-
erty? The answer must be, because the action is local and
not transitory. The difficulty is caused, not by any
principles of international law, but by the common law,
which is the same in both states. By the common law,
then, it must be solved. The objection is founded not on
the plaintiff's right to a remedy, but on the mode of trial;
and is after all but an objection to the venire. But I have
shown that the venire is well laid in New Jersey (which
as regards this court forms one county), because the nuis-
ance complained of was created in that state. If, then,
the action be local, and this its proper venire, what is the
value of the distinction?

"The plea to the jurisdiction must therefore be over-
ruled."

It results from these authorities that if the mainte-
ance of this suit depends upon the application to it of the

13th section of article 1198 of the Revised Statutes, and the technical rules of the common law are applicable to it, that the court erred in sustaining appellee's exceptions.

In our opinion, however, these common law rules respecting local and transitory actions have no more to do in determining with us where a suit can be brought and maintained, than the like rules in respect to the form and names of actions; but this is solely regulated by and dependent upon the proper construction of the constitution and statutes of the state. In the first, it is emphatically declared in the bill of rights as a fundamental principle of government, that "All courts shall be open, and every person for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law." Now a party may not have an action *in rem* for or concerning land in a foreign jurisdiction, because redress cannot be given or had by such proceeding in due course of law; but personal damages may be given for such injury and enforced by due process of law within the state. "And it would seem if the state failed to give to one of its citizens a remedy against others for injuries of this kind, it would fail in the pledge made in the constitution as plainly as if the injury had been in a foreign jurisdiction to one's goods or person.

There is, as Judge Marshall himself says, no difference in principle in giving redress for injuries to land in the jurisdiction where the defendant is found, which may not be equally applicable in other cases. He says, speaking of the fiction upon which transitory actions are sustained, where the cause of action occurred out of the jurisdiction where they are brought: "They have" (i. e., the courts), "without legislative aid, applied this fiction to all personal torts, wherever the wrong may have been committed, and to all contracts wherever executed. To this general rule contracts respecting lands form no exception. It is admitted that on a contract respecting

lands, an action is sustainable wherever the defendant may be found. Yet in such case every difficulty may occur that presents itself in an action of trespass. An investigation of title may become necessary, a question of boundary may arise, and a survey may be essential to the full merits of the case. Yet these difficulties have not prevailed against the jurisdiction of the court. They are countervailed by the opposing consideration, that if the action be disallowed, the injured party may have a clear right without a remedy in a case where a person who has done the wrong, and who ought to make the compensation, is within the power of the court. That this consideration loses its influence where the action pursues anything not in the reach of the court is inevitably necessary, but for the loss of its influence, where the remedy is against the person, and is within the power of the court, I have not yet discovered a reason, other than a technical one, which can satisfy my judgment."

Certainly the fact that a more full and effectual redress might be afforded in the jurisdiction where the wrong was done, or that the plaintiff must necessarily have greater difficulty in making out his cause of action elsewhere, is no good ground to deny him all chance of redress, especially where, as here, the cause of the injury occurs out of the jurisdiction in which the wrong is suffered, and the action there might be attended with similar difficulties if jurisdiction could be had there over the defendants.

It is not enough, however, that the constitution guarantees redress in such cases. The courts must be clothed with jurisdiction to administer it. Has this been done? We think so. Art. 1198 of the Revised Statutes in effect subjects every one who is liable to suit to be sued in the county in which he has his domicile, except in the enumerated cases afterward excepted. This lays down the general rule in this state, and, as we have said, annuls the

technical rules of the common law regarding transitory and local actions. Substituting in its place the broad principle that all persons may be held to answer in the proper court of the county in which they reside, unless in cases specifically enumerated and excepted in the statute. And this is certainly not one of them, unless section 13 of art. 1198 is applicable to it, which, as we have said, is not the case. The action, we think, may be maintained, not only under the general clause, but also under the 8th section of said article.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 31, 1881.]