## R. W. LONDON ET AL. v. R. L. MILLER.

### Decided October 26, 1898.

**1. Plea of Privilege—Special Demurrer Instead.**

Defendant may avail himself of his privilege of being sued in the county of his residence by special exceptions to a petition which fails to negative all the exceptions which, from the character of the parties and the nature of the action, may be interposed to the general rule prohibiting a citizen from being sued out of the county in which he has his domicile.

**2. Venue in Sequestration—Debt Not Due.**

Suit brought by sequestration upon a demand which is not due should be dismissed if the writ of sequestration is quashed, but if at the time the process is quashed, the demand has matured, or a cause of action arising from the subject matter of the suit has supervened, and this has by an amended pleading been made to appear, the cause of action disclosed by the amendment may be prosecuted, notwithstanding the quashal of the process by which jurisdiction was originally obtained, but it will be regarded as a new suit dating from the filing of the amended pleading.

**3. Same—Conversion of Mortgaged Chattels Not Trespass, When.**

An action by a chattel mortgagee for the value of the mortgaged property against a purchaser thereof from the mortgagor before the maturity of the mortgage debt, the property having been destroyed in the meantime without the purchaser's fault, is not founded upon a crime, offense, or trespass within the statute providing that where the foundation of a suit is crime, offense, or trespass, suit may be brought in the county where the same was committed.

**4. Replevin Bond—Liability of Sureties.**

The liability of the sureties on a replevin bond given by the defendant in sequestration proceedings ceases upon the quashal of such proceedings.

APPEAL from Gonzales. Tried below before Hon. A. M. KENNON.

*U. F. Short* and *Atkinson & Abernathy,* for appellants.

*Harwood & Walsh,* for appellee.

NEILL, ASSOCIATE JUSTICE.—On the 8th day of November, 1897, the appellee, R. L. Miller, filed his original petition in the District Court of Gonzales County, against O. B. Robertson and appellant, R. W. London, in which he alleged in substance that on the 11th day of October, 1897, the defendant Robertson executed to him his certain promissory note of that date for $2500, payable six months after date with interest at 8 per cent per annum from October 1st of that year; that at the date of execution of said note, for the purpose of securing the same, Robertson executed to him a chattel mortgage on 186 head of mixed cattle, specifically described in said mortgage; that on the same day said mortgage was duly filed and registered in the register of chattel mortgages of Gonzales County; that on the 26th day of October, 1897, the sheriff of said county, by virtue of an execution issued out of the District Court of Dallas County in the case of Parlin & Orendorff Company v. O. B. Robertson et al., levied upon the cattle upon which said mortgage was given, and advertised the same to be sold on the 8th day of November, 1897, to satisfy the judgment in said cause, amounting to the sum of $1348.15 and all costs of suit; that defendant R. W. London was, at the time plaintiff filed his petition, in possession of said cattle, claiming title to the same by virtue of a bill of sale made him by the sheriff of Gonzales County by virtue of the execution and levy aforesaid; that said bill of sale was executed and delivered to London after said chattel mortgage was executed and registered, of which defendant London had due and special notice; that the note secured by the mortgage was not due.

The plaintiff prayed judgment for his debt, interest, etc., together with a foreclosure of his mortgage lien upon the cattle. Application was also made for a writ of sequestration, which was issued and executed on the day the suit was filed by the sheriff's seizing and taking possession of the mortgaged cattle. On the 13th day of November, 1897, R. W. London replevied the cattle, Guy Sumpter and C. R. Buddy being the sureties on the replevin bond.

On January 7, 1898, prior to the time the sequestration proceedings were quashed, plaintiff filed his first amended original petition against O. B. Robertson and R. W. London, alleging that the latter is a resident citizen of Dallas County, Texas, in which, after alleging the execution of the note and mortgage, and its registration as in his original petition, he in substance makes the following allegations: That on the 26th day of October, 1897, the sheriff of Gonzales County, acting under authority of a writ of execution issued out of the District Court of Dallas County, in a certain cause therein pending styled Parlin & Orendorff Company v. O. B. Robertson et al., levied on 171 head of said cattle described in said mortgage, which is the only security plaintiff has for the payment

of said note at its maturity, and advertised the same for sale to satisfy said judgment amounting to the sum of $1348.15; that on the 8th day of November, 1897, said sheriff sold said cattle at public outcry in the town of Gonzales, at which sale R. W. London became the purchaser; that thereupon said sheriff made London a bill of sale to said cattle and delivered him possession thereof. That plaintiff was present at said sale, and, through his attorney, announced in the presence and hearing of defendant London that he had a chattel mortgage on said cattle, stating the amount of the debt secured thereby; that on the —— day of November said sheriff by virtue of the same writ sold the remaining ten head of the 186 head of mortgaged cattle, which were all of said cattle then in existence, the other five head having been killed by the sheriff in taking them in possession.

That on the 8th day of November, 1897, plaintiff filed his suit for foreclosure and made affidavit for a writ of sequestration to protect his said security, and a writ of sequestration was issued and levied on said cattle by the sheriff of Gonzales; that afterwards, on the 13th day of November, 1897, defendant R. W. London, with Guy Sumpter and C. R. Buddy as his sureties, executed and delivered to R. M. Glover, sheriff of Gonzales County, Texas, their certain replevy bond, in which said London and his sureties acknowledged themselves jointly and severally bound to pay plaintiff the sum of $6000, conditioned that defendant R. W. London would not remove said cattle out of the county of Gonzales during the pendency of said suit, and that he would have said property, with the value of the fruits, hire, or revenue thereof forthcoming to abide the decision of this court or that he would pay the value thereof, and of the fruits, hire, or revenue of the same in case he should be condemned to do so, which bond was approved by the sheriff and filed among the papers of this case. That thereafter, on the —— day of November, 1897, defendant London loaded said cattle at the town of Gonzales on the cars of the San Antonio & Aransas Pass Railway Company to be shipped to the town of Henrietta, Texas, a point 500 miles distant from the town of Gonzales, with the avowed purpose of selling them on open market and converting them to his own use; that while the cattle were on the train en route to Henrietta, and while said train was at the town of Itasca, Hill County, Texas, said train was wrecked and the cattle maimed and killed so as to be of no value whatever; that thereby the said London, with full notice of plaintiff's mortgage, did, since the institution of this suit to foreclose plaintiff's lien, appropriate and unlawfully convert said cattle to his own use and benefit, and while the cattle were in his possession, obtained as aforesaid, they were so maimed and destroyed that plaintiff's mortgage can not be foreclosed, and that thereby London has deprived plaintiff of his said security and the remedy prayed for in his original petition.

That defendant O. B. Robertson was, at the institution of this suit, and is now, wholly insolvent, and that by reason of the unlawful conversion by R. W. London of said cattle plaintiff has been deprived of

his security, and London has become liable to him for the reasonable value of said cattle to an amount sufficient to pay plaintiff's debt. That by reason of the violation of the conditions of the replevy bond the said London and his sureties thereon, Guy Sumpter and C. R. Buddy, are liable to plaintiff to the amount of the appraised value of said cattle not exceeding plaintiff's debt secured by said chattel mortgage. And that by reason of the said wrongful acts of R. W. London there is now no property within the jurisdiction of this court upon which plaintiff's lien can be foreclosed.

The prayer contained in the petition is that plaintiff have judgment against London for the value of said cattle, not exceeding his debt, and against Guy Sumpter and C. R. Buddy, its sureties on said replevy bond, in accordance with the terms thereof, for the amount of the judgment rendered against London, and for such other and further relief as under the facts alleged the court may deem plaintiff entitled. No judgment was asked for against Robertson.

The defendant London by his first amended original answer, filed February 10, 1898, after excepting to plaintiff's amended original petition upon the ground that it shows upon its face that the District Court of Gonzales County has no jurisdiction of his person,—it appearing therefrom that he is a resident of Dallas County, and that the wrongs complained of were not committed in the county where the suit was brought,—interposed a general demurrer, and special exceptions to the effect that said petition showed a misjoinder of actions and of parties defendant.

Guy Sumpter and C. R. Buddy, the sureties on London's replevy bond, were not cited, nor did either answer or enter an appearance in the case.

Upon the 10th day of February, 1898, the writ of sequestration was, upon motion of defendant London, quashed, and upon the refusal of the court to then dismiss the plaintiff's suit defendant London excepted.

The exceptions of defendant London to plaintiff's first amended original petition were overruled.

The case was tried by the court without a jury, and judgment was rendered for plaintiff against London and Guy Sumpter and C. R. Buddy as sureties on his replevy bond for $2829.43, the amount due on the note described in plaintiff's petition, with interest and attorney's fees, and the case was dismissed as to defendant Robertson. From this judgment London has appealed to this court.

After the judgment was rendered against them, Guy Sumpter and C. R. Buddy filed a motion to set aside the judgment against them on the grounds, first, because neither had been cited to answer plaintiffs' cause of action, nor had either appeared in said cause; second, because the sequestration proceedings having been quashed, and plaintiff having by his pleadings abandoned the sequestration proceedings, the court had no jurisdiction over either to render judgment against him. This motion

was overruled, and from the judgment against them Sumpter and Buddy have also appealed.

*Opinion.*—Under our view of the law, the appeal of Mr. London may be properly disposed of by considering only the assignments of error which complain of the court's refusal to sustain his exception to appellee's first amended original petition which points out, as a defect in said pleading, that it shows upon its face that at the time the suit was instituted and the amended pleading filed, appellant resided in Dallas County, Texas, and that from the nature of the action he was entitled to be sued in the county of his residence, and of the action of the court in refusing to dismiss the suit upon quashing the writ of sequestration.

It will be observed from our statement of the case that before the sequestration proceedings were quashed appellee had filed his amended petition charging London with the conversion and destruction of his mortgage security. If a petition negatives all the exceptions which, from the character of the parties and nature of the action, may be interposed to the general rule which prohibits an inhabitant of this State from being sued out of the county in which he has his domicile, we can see no reason why a party sued in a county other than that in which he has his domicile can not avail himself of his privilege of being sued in the county of his residence by a special exception pointing out the defect in the pleading, as was sought to be done in this case.

When a suit is brought by attachment or sequestration upon a demand before it is due, and the writ of attachment or sequestration is quashed, the action should be dismissed, for it is only by such process that jurisdiction of such a suit is obtained. If, however, at the time such process is quashed the demand has matured or a cause of action arising from the subject matter of the suit has supervened, and this has, by an amended pleading, been made to appear, the cause of action disclosed by the amendment may be prosecuted, notwithstanding the quashal of the process by which jurisdiction was originally obtained. But it will be regarded as a new suit and dates from the filing of the amended pleading.

The questions arising from these principles of law are: Did appellee's first amended original petition state a cause of action against appellant London, and if so, could it be maintained in Gonzales County, in view of the exception urged to it?

One exception to the rule which prohibits an inhabitant of this State from being sued out of the county in which he has his domicile is, "Where the suit is for foreclosure of a mortgage or other lien, in which case suit may be brought in the county in which the property subject to such lien or a portion thereof may be situated." Another is, "Where the foundation of the suit is some crime or offense, or trespass for which a civil action in damages may lie, in which case suit may be brought in the county where such crime or offense or trespass may be committed, or in the county where the defendant has his domicile."

From the very nature of this action these are the only possible exceptions to the general rule which are not negatived by appellee's pleadings. It is obvious that the one first quoted does not obtain. The debt not being due which the mortgage sought to be foreclosed by the original petition was given to secure, and no foreclosure being sought by the amended original petition, the suit to foreclose the mortgage terminated upon the writ of sequestration being quashed, and the action against London, disclosed by the amendment, was one for damages for the conversion and destruction of mortgaged property. The question then is, does the exception last quoted authorize the maintenance of such action in Gonzales County? The facts charged in the amendment show that the foundation of the suit is not a "crime" or an "offense;" nor do we think it discloses that a "trespass" is the foundation of the action. "Trespass," within the meaning of the statute under consideration, is any intentional wrong or injury to the person or property of another. Hubbard v. Lord, 59 Texas, 384; Armendiaz v. Stillman, 54 Texas, 623. For one to maintain an action for conversion, he must be the general owner, or have some special property in the subject of the action; he must have also the actual or a right to its present possession at the time of the conversion. Suth on Dam., sec. 1108. Robertson, the mortgagor of the cattle, was the legal as well as the equitable owner of the property, and as against the mortgagee, had the right to its possession until default was made in the payment of the debt it was mortgaged to secure. His title to the property as well as his right to its possession passed to the appellee, London, subject only to a foreclosure of the mortgage, upon its purchase by him at execution sale. His taking the property in possession was the exercise of a right, and can not in any sense be considered a wrong or trespass; for it is well established that a chattel mortgagee out of possession has no title to the goods and can not maintain an action for their conversion against the purchaser under the mortgagor. Niagara S. & T. Co. v. Oliver, 33 S. W. Rep., 689.

The injury to the cattle did not occur in Gonzales County, and no jurisdiction over the person of London would attach there on that account. Besides, the killing and maiming of the animals were the result of an accident, and not of an intentional wrong done by the appellant.

We conclude therefore that appellants' exception to the appellee's first amended petition should have been sustained, and that when the writ of sequestration was quashed, as no cause of action independent of the sequestration was shown against London or could accrue until the maturity of the note which the mortgage was given to secure, the suit should have been dismissed.

This conclusion disposes of the appeal of Guy Sumpter and C. R. Buddy in their favor. Besides, it has been held by the Supreme Court that the liability of sureties upon a replevy bond ceases upon the quashal of the sequestration proceeding. Mitchell v. Bloom, 45 S. W. Rep., 558, 46 S. W. Rep., 406.

Therefore the judgment of the District Court is reversed and the cause is dismissed, without prejudice to the appellee's right to proceed on his remedy, in the proper jurisdiction, against London in default of payment of appellee's debt after its maturity.

*Reversed and dismissed.*