## RENKEN v. J. M. RADFORD GROCERY CO.

No. 2230.

Court of Civil Appeals of Texas. Waco.

Feb. 1, 1940.

Rehearing Denied Feb. 29, 1940.

Allen & Allen, of Hamilton, for appellant.

W. E. Lessing, of Abilene, for appellee.

TIREY, Justice.

This is an appeal from a ruling of the trial court sustaining the defendant J. M. Radford Grocery Company's plea of privilege to be sued in the county of its residence, to-wit, Taylor county, Texas. The plaintiff C. J. Renken sued J. M. Radford Grocery Company, a corporation, and Houston White, sheriff of Hamilton county, Texas, jointly for damages in the amount of $5,000, and substantially alleged that the defendant J. M. Radford Grocery Company had wrongfully and unlawfully caused the said White to levy on part of a stock of groceries of the plaintiff to satisfy an execution placed in the sheriff's hands, said writ of execution being issued against W. J. Everett, and had caused said sheriff to take into his physical possession merchandise from plaintiff's store to satisfy said execution in the sum of $186.50. Plaintiff prayed for a mandatory injunction against said sheriff restraining the sheriff from selling the property under said writ of execution, and further set out in his pleading that the acts of the sheriff in executing the writ were done at the instance and request of J. M. Radford Grocery Company and that same were done knowingly, without authority, maliciously and without probable cause and with intent to destroy the credit standing of the plaintiff as a merchant and his reputation as a man and to oppress and harass him. He further alleged that said acts of trespass occurred in Hamilton County.

The defendant J. M. Radford Grocery Company filed plea of privilege in due form asserting its right to be sued in Taylor county, Texas. Plaintiff seasonably filed controverting affidavit in which he alleged that said defendant Grocery Company and Houston White jointly committed

a trespass upon his property in Hamilton county, Texas, whereby the said sheriff seized his property under writ of execution issued against a third party, to-wit, W. J. Everett; that said acts of the sheriff in seizing his property under said writ were done at the instance of said defendant Grocery Company and that said acts were done knowingly and without authority in Hamilton county, Texas, and that said acts constituted a trespass against plaintiff's property committed in Hamilton county, Texas, and that Houston White, sheriff, was a proper and necessary party to the action.

The case was tried by the court without the intervention of a jury and the court sustained the plea of privilege. At the request of the plaintiff, the court prepared and filed its findings of fact and conclusions of law. The court in his findings of fact found substantially as follows: that plaintiff Renken went into the grocery business at Hamilton, Hamilton county, Texas, about April, 1931; that thereafter about March, 1937, he formed a partnership with W. J. Everett and operated said business as a partnership until about the 15th day of May, 1938, at which time Everett became the sole owner of the business and so conducted it until January 15, 1939; that on said date last named C. J. Renken purchased the stock of merchandise and fixtures pertaining to said business conducted by Everett and took possession of the same without complying with the statute with reference to a sale or transfer in bulk of a stock of merchandise and fixtures commonly known as the Bulk Sales law. Vernon's Ann.Civ.St. art. 4001 et seq. The court found that said Grocery Company had a valid judgment against W. J. Everett and further found that it caused writ of execution to be issued on said judgment, and that the writ was executed by the sheriff by levying upon and taking into his possession certain merchandise; that the merchandise levied upon by the sheriff was the identical merchandise purchased by C. J. Renken from W. J. Everett on January 15, 1939, and was a part of the merchandise used in connection with the mercantile business conducted by the said W. J. Everett, and the court concluded as a matter of law that the plaintiff failed to allege and prove a trespass committed against him in Hamilton county. Error is assigned to this ruling.

We sustain the action of the trial court. Our courts have uniformly held that " 'trespass,' within the meaning of the statute under consideration is any intentional wrong or injury to the person or property of another. Hubbard v. Lord, 59 Tex. 384; Armendiaz v. Stillman, 54 Tex. 623." See London v. Miller, 19 Tex. Civ.App. 446, 47 S.W. 734, 737. Our Supreme Court, in the case of A. H. Belo Corporation v. Blanton, 129 S.W.2d 619, 621, said: "To deprive a defendant of the right of trial in the county of his domicile, the case filed against him must clearly come within one of the exceptions found in this statute, and the burden rests upon the plaintiff to allege and prove that the case comes within the exception."

The plaintiff wholly failed to prove that a trespass was committed against him and the court properly sustained defendant's plea of privilege.

The judgment of the trial court is in all things affirmed.