**MENARD et al. v. DECHMAN.** (No. 6628.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 30, 1921.)

**1. Appeal and error ⚖️724(2)—General assignments held sufficient.**

General assignments of error will be considered if they point out in each case the specific ruling of the court or finding of the jury objected to, which is all that is required of an assignment of error, if followed by appropriate propositions and statements, under rules 23–26 (142 S. W. xii).

**2. Brokers ⚖️86(1)—Evidence held insufficient to show agreement to pay fixed commission or percentage.**

In an action to recover compensation for selling café, evidence *held* insufficient to show an agreement to pay a fixed commission or percentage.

Appeal from District Court, Bexar County; Robert W. B. Terrell, Judge.

Action by A. F. Dechman against Emil Menard and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

H. A. Hirshberg and W. H. Kennon, both of San Antonio, for appellants.

Chambers, Watson & Johnson, of San Antonio, for appellee.

SMITH, J. Appellee, as plaintiff below, alleged in his petition that he, as a real estate agent, entered into a contract with appellants, as owners of the Saratoga Café in San Antonio, whereby it was agreed that if appellee would procure the sale of the café at a price of $30,000, appellants would pay him 5 per cent. of the purchase price as a commission, and that in pursuance of such agreement he procured the sale of the property at that price; that although he had thus earned the commission agreed upon, amounting to $1,500, appellants refused to pay the same, thereby necessitating this suit. Trial was had by jury, upon whose findings of fact judgment was rendered in favor of appellee for $1,500.

[1] Appellee objects to the consideration of appellants' assignments of error, upon the grounds that they are "too general, indefinite and uncertain" to be in compliance with rules 23, 24, 25, and 26 (142 S. W. xii). While it is true that the assignments are rather general, yet they point out in each case the specific ruling of the court or finding of the jury objected to, which is all that is required of an assignment of error, if followed by appropriate propositions and statement. It is said in Land Co. v. McClelland, 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105:

"Where an assignment of error is sufficiently specific to enable the court to see that a particular ruling is complained of, it should be held good, although it should fail to state the reason by which such ruling is claimed to be erroneous. An assignment may be brief and yet specific, and brevity in such a case is commendable and accords with good practice. The reasons by which allegations of error are sought to be sustained find their proper place in the propositions, statements, and authorities required to be set forth in the brief, under and in support of the respective assignments."

[2] The first, second, third, and fourth assignments of error raise the question of the sufficiency of the evidence to warrant the

submission of special issue No. 1, or to support the affirmative answer of the jury thereto, or the rendition of judgment thereon; the special issue being:

"Question No. 1. Did the defendant Emil Menard agree to pay to the plaintiff, Dechman, 5 per cent. commission if he secured a purchaser for the Saratoga Café for $30,000, or for any sum upon which defendant Menard might agree?"

Upon the trial appellee testified that his agreement with appellants was that if he procured a sale of the café for $30,000, appellant, in the matter of commission, "would treat him like anybody else" in the real estate business. There was no testimony directly or indirectly tending to show that a commission of 5 per cent., or any other specific per cent., would be paid appellee as commission for making the proposed sale. Appellee did testify that after making this contract with appellant, he located a prospective purchaser, who offered to take the café at the price of $30,000, on which he could pay only $5,000 cash and the balance on time; that appellee submitted this offer to appellant, who said:

"That is not enough cash. If you will get him to raise it to $6,500, which will leave me $5,000 net, I will think about it; then I can talk business."

Appellant stoutly denied that he agreed or expected to pay appellee any commission, explaining that he understood the latter interested himself in the sale through friendship for appellant, and because of his desire to continue under the new ownership to furnish the café in coffee, in which he also dealt as a broker.

The most that can be said of the proof is that it raised the issue of whether or not appellant agreed, by indirection, to pay appellee a reasonable, or the customary, commission to make the sale of appellants' property. The unexplained statement in appellee's testimony that after making the contract, and during the negotiations resulting in the sale, appellant indicated that a cash payment of $6,500 would be satisfactory because it would leave him "$5,000 net," cannot, in our opinion, be vitalized and enlarged into a recognition or ratification of a previous agreement to pay appellee a commission of 5 per cent., or a lump sum of $1,500, because there was no contention or suggestion in the evidence that any such prior agreement had been made. Appellee, himself, admits that the only agreement made by appellant was to "treat him like anybody else in that line of business."

The first four assignments of error must be sustained, and the judgment reversed and cause remanded.

Reversed and remanded.