B. S. WETTERMARK V. W. J. CAMPBELL ET AL.

No. 887. Decided April 12, 1900.

**1. Exemption—Levy—Partnership—Query.**

It is questioned whether by Revised Statutes, article 2352, the Legislature meant to authorize levy upon the interest of one partner in a firm by notifying only the partner who is defendant in execution. (P. 522.)

**2. Same—Damages.**

Query whether levy on the interests of one partner by notice to the partnership, there being no seizure of partnership property or interruption of partnership business and no damages save loss of credit, will furnish ground for an action for damages. (P. 522.)

**3. Venue—Trespass—Levy of Execution.**

An action for damages caused by the levy of an execution may be maintained against the plaintiff in execution alone in the county where levied, as for a trespass there committed, where plaintiff, through his attorneys, directed the levy in question to be made. (Pp. 522, 524.)

QUESTION CERTIFIED by the Court of Civil Appeals for the First District, in an appeal from Nacogdoches County.

*Blount & Garrison*, for appellant.—A party who wrongfully procures a writ of execution and has the same levied upon the interest of one partner in a partnership business by having him served with notice of said levy, thereby causing injury to the party whose interest is so levied upon, is liable to said party for whatever injury he may sustain by reason of the levy of said execution, and suit may ·be brought in any county wherein said levy was made.

Where a party circulates or causes to be circulated a false report as to the financial standing or solvency of a party, thereby causing injury, he is liable to the party so injured, and the district court of the county where said false statement is published or circulated has jurisdiction over the person of the party so circulating said false reports.

A party is liable for the action of his attorney where his attorney in person wrongfully directs the levy of an execution, and the principal is liable for the said acts of his attorney to the injured party. Sayles' Rev. Stats., art. 2352; Currie v. Stuart, 26 S. W. Rep., 147; Howell v. Jones, 3 Willson C. C., sec. 208; Hill v. Kimball, 76 Texas, 210; 1 White & W. C. C., sec. 651; 2 Willson C. C., secs. 770, 771; 26 Am. and Eng. Enc. of Law, 602, and authorities cited.

The proposition contended for by appellee in the trial court was that no trespass could be committed by levying upon the interest of one partner in the partnership business, since the title and possession of the property is not disturbed, and that the same rule as to a constructive levy upon partnership interest in personal property applies as in a levy upon lands where the possession to same was not disturbed; that the defendant Campbell was not a proper or necessary party, being protected from any damages by reason of the fact that the execution placed in his hands was regular upon its face. The trial judge took this view of

the matter, sustained appellees' special exceptions to the petition as shown in his plea to the jurisdiction, and dismissed the cause. We do not believe it to be a sound principle of law to hold that a party may levy upon the interest of a partnership without making himself liable in damages if said levy was wrongful. Under the statute there is but one way of levying upon the interest of a partner in partnership property, and that is by giving notice to one or more of the partners or to the clerk of the partnership. This being the mode prescribed by statute, to hold that a party can fraudulently procure the issuance of a void writ and have the same levied upon the interest of a partner without laying himself liable for the injury sustained, would seem to us to be a dangerous rule. In the case at bar the petition alleges specifically the injuries plaintiff sustained by reason of this wrongful levy. We understand the rule to be, in this State, that where a party levies upon real estate if the party injured thereby can show that he has sustained injuries, he could recover, and the jurisdiction or the proper venue would be in the court where said levy was made. That a trespass was committed by J. B. Adoue, through his attorneys Cobb & Avery, in levying said writ of execution upon the property of plaintiff we think there can be no doubt, and if our petition states a cause of action, then the court erred in sustaining the plea to the jurisdiction. As to what constitutes a trespass we call the court's attention to the American and English Encyclopedia of Law, volume 26, page 602.

*Cobb & Avery* and *Ingraham, Ratcliff & Huston*, for appellees.—Under the facts certified the sheriff is not liable, and consequently the jurisdiction over Adoue can not be maintained without overruling Hilliard v. Wilson, 76 Texas, 180. The Act of 1889 (Revised Statutes 1895, article 1198, section 8) changes this rule as to writs of attachment and sequestration, but does not affect it as to levies of executions.

If the allegations present the question certified, we submit that they do not show a trespass committed by Mr. Adoue for which he could be sued alone in Nacogdoches County. The allegations as to his conspiring with the clerk of the District Court of Dallas County and causing him to issue the execution can not be considered, because they occurred in Dallas County, and can not be a trespass committed in Nacogdoches County. Hubbard v. Lord, 59 Texas, 384. Cooley on Torts, second edition, page 511, says: "A trespass to property consists in the unlawful disturbance by force of another's possession." In American and English Encyclopedia of Law, volume 26, pages 570 to 573, trespass is thus defined and limited: "Trespass in its usual legal acceptation is a wrong done with force to the person, property, or rights of another.  *  *  * A trespass, that is to say, a direct physical interference with the person, land, or goods of another is as a rule actionable. For mere words, without more, the action does not lie." Every cause of action for damages is not a trespass within the meaning of our statute on venue, and our statute does not embrace actions of trespass on the case. Such is the

holding in Ricker v. Shoemaker, 81 Texas, 22, and Austin v. Cameron, 83 Texas, 351. The remarks to the contrary in Hill v. Kimball, 76 Texas, 210, have been disapproved.

The foundation of this suit is the levy of the execution on land and the levy of it on the interest of appellant in a partnership by handing him a written notice. No property of appellant was touched, no force was used or threatened, nor was his possession over anything disturbed. We submit that such acts do not constitute a trespass under our statute.

In making a levy on an interest in a partnership nothing is done but delivering a paper to the partner and indorsing the fact on the writ. In making a levy on land nothing is done but indorsing the fact on the writ and delivering a notice to the party of the time and place of sale. Precisely the same things are done in one case as in the other. The same things are done in levying on stock in a corporation or garnishing such stock. So that an authority on one act is an authority on the other.

In Trawick v. Martin Brown Co., 79 Texas, 460, it is held that ordinarily no damages can be recovered for a levy on land; in Girard v. Moore, 86 Texas, 675, the same is held as to garnishment of stock; and in Neese v. Radford, 83 Texas, 585, the same is held as to a levy on the interest in a partnership. The allegations in each of these cases were as broad as in the case at bar. We understand the rule to be that in every case of trespass nominal damages at least can be recovered. It would follow that if no damages could be recovered for a levy on land or on stock or on an interest in a partnership, no trespass was committed by such acts. We therefore submit that above cases are in point.

It is also alleged that the attorney of Adoue told certain parties that these levies had been made. In other words, the attorney stated what had occurred and was a matter of record in the sheriff's office. We submit that this was not a trespass by Mr. Adoue. If the act itself was not a trespass, a statement that the act had been done could not be. In American and English Encyclopedia of Law, volume 26, page 573, it is said: "For mere words, without more, the action does not lie." Suppose that the attorney of Mr. Adoue should to-day on the streets of Austin tell a member of this court that such a levy had been made, would this court hold that thereby Mr. Adoue had committed a trespass in Travis County? We think clearly not.

Again: Mr. Adoue would be liable for the acts of his attorney in levying the writ; but if these acts were not a trespass, would Mr. Adoue be guilty of a trespass for anything said by the attorney in regard to the levy having been made? If the attorney after the levy had gone to his place of business and assaulted appellant, would Mr. Adoue be guilty of assault or be charged with trespass? We think clearly not. It is not alleged that Mr. Adoue personally did or said anything or was ever in Nacogdoches County, nor is it alleged that he authorized his attorney to make any statements whatever. On this point Cooley on Torts, second edition, page 151, says: "If an attorney sues out an illegal writ,

the party for whom he acts is so far identified with him in the proceedings that he is responsible for what is done under it; but the plaintiff is not responsible for any illegal action taken or directed by the attorney which the plaintiff did not advise, consent to, or participate in, and which was not justified by any authority he had given." We therefore submit that what the attorney said can not be considered.

GAINES, Chief Justice.—This case comes to us upon a certified question. The certificate is as follows:

"September 5, 1899, B. S. Wettermark, a resident of Nacogdoches County, brought suit in the District Court of that county against W. J. Campbell, the sheriff of said county, and B. Adoue, a resident of Dallas County, to recover damages for the levy of an execution upon certain land belonging to the said B. S. Wettermark, and his interest in the business belonging to the firm of A. Wettermark & Son, of which the plaintiff was a member. Plaintiff alleged that, 'The defendant, J. B. Adoue, through his attorneys, Cobb & Avery, procured an execution from the district clerk of Dallas County, Texas, and placed the same in the hands of the defendant Campbell, sheriff of Nacogdoches County, Texas, and the said Adoue through his attorneys, Cobb & Avery, instructed the defendant Campbell to levy said execution upon whatever interest the plaintiff, B. S. Wettermark, had in and to the banking business of A. Wettermark & Son, and that, in accordance with said instructions, the defendant Campbell levied said writ of execution upon the interest of B. S. Wettermark in the banking business of A. Wettermark & Son; that at the time of the levy of said writ of execution, the said Campbell was informed that there was no judgment in the District Court of Dallas County, Texas, or in any other court against the plaintiff, B. S. Wettermark, and in favor of J. B. Adoue, for any amount, and that said execution was fraudulently procured by J. B. Adoue, who had conspired with the clerk of the District Court of Dallas County to issue execution for the purpose of extorting money from this plaintiff, and that the said Campbell, after being fully informed that there was no judgment against plaintiff for amount as shown by the execution, proceeded under the advice and with the consent of the said Adoue, through his attorneys, Cobb & Avery, who were present and directing the said Campbell what property to levy upon, and that he levied the same upon not only the real property of the plaintiff, B. S. Wettermark, but also upon his interest in the banking business of A. Wettermark & Son.'

"The petition further alleged that, 'Said J. B. Adoue conspired with the district clerk of Dallas County, Texas, for the purpose of having execution issue against the plaintiff, B. S. Wettermark, and that he procured the said district clerk of Dallas County to issue an execution directed to the sheriff of Nacogdoches County, Texas, for $13,882, with instructions to levy the same upon any property belonging to the plaintiff, B. S. Wettermark; that one Avery, of the firm of Cobb & Avery, attorneys for J. B. Adoue, took said writ of execution and brought same

to Nacogdoches and delivered same to the defendant Campbell, sheriff of Nacogdoches County, with instructions to levy same upon all the interest that the plaintiff Wettermark had in the banking business of A. Wettermark & Son, and that Adoue, through his attorney, Avery, caused the sheriff to levy upon the plaintiff, B. S. Wettermark's, interest in the business of A. Wettermark & Son by serving the said B. S. Wettermark with written notice that all his interest in his said business was levied upon, which said notice was written out by the defendant Adoue's attorneys, and the sheriff's return was made by said attorneys, stating that he had levied on all the interest of B. S. Wettermark in the banking business of A. Wettermark & Son, and that the defendant, J. B. Adoue, through his attorneys, Cobb & Avery, who were then in the town of Nacogdoches, notified various and sundry parties in the town of Nacogdoches that he had caused to be levied an execution upon the interest of B. S. Wettermark in the banking firm of A. Wettermark & Son, and, while in said town, notified Bradstreet's Mercantile Agency and Dunn's Commercial Agency that all the interest of B. S. Wettermark in the business of A. Wettermark & Son had been levied upon to satisfy an execution for $13,882; that the report so circulated by said J. B. Adoue, through his attorneys, Cobb & Avery, immediately before the levy and at the time of the levy, caused several merchants to make a run upon the bank, which threatened to injure the financial reputation and standing of said bank; that at the time said Adoue, through his attorneys, procured said execution from the district clerk of Dallas County, he knew that he had no judgment against the plaintiff, B. S. Wettermark, and the same was unlawfully and wrongfully done for the purpose of extorting money from the said B. S. Wettermark.'

"It is also alleged that there was no judgment ever rendered against the plaintiff for the amount stated in the execution or for any amount; that said Adoue never recovered a money judgment against the plaintiff for any amount, and that there was no authority by which said execution could issue. It is believed that the allegations of the petition have been sufficiently stated to show that the question which is hereinafter set out arises in the decision of the case, but the petition at length as contained in the record is referred to so that the Supreme Court, should they so desire, may look to it for the presence or absence of other allegations. The defendant Campbell excepted to the sufficiency of the petition to show a cause of action against him. The defendant Adoue pleaded to the jurisdiction of the court over him, both by demurrer and plea in bar. Upon a hearing, the court below sustained the exceptions of both the defendants and dismissed the suit. The action of the court below in dismissing the suit as to the sheriff has not been properly presented for revision by this court, and the venue of the suit as to the defendant Adoue depends upon the question of whether or not he committed a trespass upon the property of the plaintiff in the county of Nacogdoches within the meaning of subdivision 9 of article 1194 of the Re-

vised Statutes. I certify the question for the decision of the Supreme Court as follows:

"Are the facts alleged in the petition sufficient to show that the defendant Adoue committed a trespass by the levy of the execution or otherwise for which a suit for damages can be maintained against him alone in the county of Nacogdoches?"

The statute which authorizes a court of civil appeals to certify questions for the decision of this court makes it the duty of the chief justice of that court "to certify the very question to be decided." Rev. Stats., art. 1043. This has never been construed as restricting the court to certifying one question only in a case; but we think that it implies that if more than one question be certified, each should be separately and distinctly stated. The question here certified seems, upon first blush, to be complex and to involve the determination of two distinct queries necessary to the decision of the case, namely, (1) does the petition show a trespass committed for which a suit for damages may be maintained; and (2), if so, can it be maintained against a nonresident of the county in which the damage was inflicted? Taking the allegations most strongly against the pleader, the petition probably requires a construction that the levy upon the interest of the plaintiff in the partnership of A. Wettermark & Son was made by service of notice upon B. S. Wettermark alone. The statute directs that a levy in such a case may be made by "leaving a notice with one or more of the partners." Rev. Stats., art. 2352. The language is broad enough to embrace the partner whose interest has been levied upon, but sound policy dictates that both for the protection of the execution creditor, and of the partner or partners whose interests are not levied upon, one or more of the latter should have notice. Therefore, it may be doubted whether the Legislature intended to authorize a levy in such a case by notifying the defendant in execution only. This, therefore, suggests one point presented by the certificate before us.

Again, there being no actual seizure of any property of the partnership and no interruption of the partnership business, save such as resulted from loss of credit, the question also arises whether this be a damage for which the law will give compensation. So that the first of the questions just stated would seem to resolve itself into two others.

We see, however, from the statement in the certificate, that the court sustained Adoue's exception to the jurisdiction; and since it is not to be presumed that the Court of Civil Appeals intended to certify two questions as one, and since this was the question passed upon in the court below, we conclude that this is the question we are called upon to decide.

The question then is, is the wrong charged to have been committed by the defendant, Adoue, one for which a suit may be maintained against him as a sole defendant in Nacogdoches County, notwithstanding the fact that he resides in Dallas County? The general rule of the statute is that a defendant must be sued in the county of his residence. To this

rule there are numerous exceptions. One is, "Where the foundation of the suit is some crime, or offense, or trespass, for which a civil action in damages may lie, in which case the suit may be brought in the county where such crime, or offense, or trespass was committed, or in the county where the defendant has his domicile." Rev. Stats., art. 1194, Exception 9.

This provision was construed in Hill v. Kimball, 76 Texas, 210, and it was there held that the word "trespass" was not confined to the restricted sense of "an injury intentionally inflicted by force," but would embrace a tort negligently committed. The remarks in that opinion gave the word a wider scope than was necessary to a decision in that case, and in the subsequent case of Ricker v. Shoemaker, 81 Texas, 22, where the provision again came under construction, the rule there stated was qualified and it was held that the trespass meant was some wrongful act committed, and not merely a tort resulting from the negligent omission to perform a duty. But while the broad construction put upon the provision in question in the opinion in Hill v. Kimball was not followed, the decision in that case was not overruled. The point there ruled,—that a tort resulting from an act committed, without any intention of injuring the plaintiff, but which, through the negligence of the defendant, resulted in an injury to the former, constituted a trespass within the meaning of the statute,—was not affected by the later decision. The rule laid down in Ricker v. Shoemaker was followed in the subsequent case of Austin v. Cameron, 83 Texas, 351. In the present case, it is charged in the petition not only that the defendant, Adoue, wrongfully caused an execution to issue from the District Court of Dallas County, but also, that his attorneys, while in Nacogdoches County and while acting for him, caused it to be levied in that county. The damages are claimed to accrue from the levy. The levy alleged to have been made in Nacogdoches County is an act "committed" in that county. The case, therefore, falls within the decision of Hill v. Kimball, and not within the rule applied in Ricker v. Shoemaker and Austin v. Cameron.

The case of Hilliard v. Wilson, 76 Texas, 183, is not in conflict with these views. There, the sheriff was sued for the illegal and oppressive execution of a writ of attachment, and the plaintiffs in attachment, L. & H. Blum, were made codefendants, it being charged that the attachment was wrongfully issued and that they instigated the acts of the sheriff. The defendants, L. & H. Blum, being residents of another county from that in which the attachment was levied and the suit was brought, pleaded the privilege of being sued in the county of their residence. The court charged the jury, in effect, that if they instigated the illegal acts of the sheriff, they were liable to suit in the county where the levy was made; but, if not, the suit as brought could not be maintained against them. It was held, and, as we think, properly, that the charge was correct. If the sheriff acted oppressively, he and all who instigated the trespass were properly sued in Burleson County, where it was committed. But the attachment was sued out in Galveston County, and it

was there that the Blums resided. Hence, for simply suing out the attachment wrongfully, they could only be sued in that county. And it may be that in this case, if Adoue had not been charged with a direct participation through his attorneys in the acts done in Nacogdoches County, he could not be sued in that county against his consent.

We are of opinion that the question should be answered in the affirmative.