## WINSLOW v. GENTRY.

(Court of Civil Appeals of Texas. San Antonio. Jan. 22, 1913. On Motion for Rehearing Feb. 19, 1913.)

1. VENUE (§ 8*)—SUBJECT OF ACTION—ACTION FOR NEGLIGENCE—"TRESPASS."

Under Rev. Civ. St. 1911, art. 1830, providing that no person shall be sued out of the county of his domicile except where the foundation of the suit is some trespass for which a civil action may lie, when suit may be brought in the county in which the trespass is committed, or in the county of defendant's domicile, a "trespass" is an active wrong, as distinguished from negligently omitting what should have been done, and includes the negligent running of a yacht so as to cut the cable of another, and thereby destroy it.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 17; Dec. Dig. § 8.*

For other definitions, see Words and Phrases, vol. 8, pp. 7088–7092.]

2. SHIPPING (§ 86*) — ACTION — EVIDENCE — NEGLIGENCE.

Evidence in an action for damages for alleged negligence of defendant in permitting her yacht to drive across the cable of plaintiff's schooner, so as to cut it and cause the schooner's destruction, held not sufficient to show negligence on the part of defendant.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 343, 353–360; Dec. Dig. § 86.*]

Appeal from District Court, Aransas County; E. A. Stevens, Judge.

Action by N. B. Gentry against Mary E. V. Winslow. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

H. M. Holden, of Corpus Christi, for appellant. F. Stevens, of San Diego, Cal., T. P. Morris, of Floresville, and E. Gordon Gibson, of Rockport, for appellee.

FLY, C. J. This is a suit for damages instituted by appellee against appellant, which it was alleged accrued by the negligence of appellant in permitting her yacht, Japonica, to drift during a storm across the cable of appellee's schooner, Alice, in such way as to sever it, and cause it to be thrown against a wharf and be destroyed. The cause was tried by jury, and resulted in a verdict and judgment in favor of appellee for $500.

[1] The plea of privilege was in substantial compliance with the terms of the statute (article 1903, Rev. Stats. 1911), and should have been sustained unless the suit could be brought under the provisions of exception 9, art. 1830, Revised Statutes of 1911. That exception is: "Where the foundation of the suit is some crime, or offense, or trespass, for which a civil action may lie, in which case the suit may be brought in the county where such crime, or offense, or trespass was committed, or in the county where the defendant has his domicile." Unless the allegations in the petition show a case of trespass within the meaning of the provision quoted, the suit was not properly brought in Aransas county, and that it would constitute trespass has been several times decided by the Supreme Court of Texas. Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618; Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645; Austin v. Cameron, 83 Tex. 351, 18 S. W. 437; Wettermark v. Campbell, 93 Tex. 517, 56 S. W. 331. In Hill v. Kimball the different definitions of trespass were given, and then the court held: "In this last sense the word would include injuries to persons or property which are the result of the negligence of the wrongdoer, and it seems to us more in consonance with the purpose and spirit of the exception to hold that it was in this sense that it was intended that the word should be used. We presume the exception was made in the interest of the injured party, and not of the wrongdoer, and we see no good reason why a distinction should be made between an injury resulting from intentional violence and one resulting from negligence. It occurs to us the consideration which induced the exception was that one who had been injured in his person or his property by the wrongful or negligent conduct of another should not be driven to a distant forum to get redress for his wrongs." It is true that in the cited case of Ricker, Lee & Co. v. Shoemaker, the case of Hill v. Kimball was distinguished and it was held: "The words, 'when the crime, offense, or trespass was committed,' indicate that the word 'trespass' was intended to embrace only actions for such injuries as result from wrongful acts, willfully or negligently committed, and not those which result from a mere omission of duty." That qualification does not affect the case now under consideration for the acts alleged were negligently committed. As said in Wettermark v. Campbell, cited herein: "The point there ruled—that a tort resulting from an act committed, without any intention of injuring the plaintiff, but which, through the negligence of the defendant, resulted in an injury to the former, constituted a trespass within the meaning of the statute—was not affected by the later decision." The distinction between the two cases is that, where a party negligently in-

jures another, it is trespass; but, where he negligently leaves undone that which he should have done, it is not a trespass. Under that distinction, negligently running one boat so as to cut the cable of another, and thereby destroy it, would be a trespass and can be tried where the injury occurred. In other words, a trespass is an active, and not a passive, wrong. None of the exceptions urged to the petition is well grounded and assignments 3, 4, and 5 are overruled.

[2] The evidence is, to our 'minds, insufficient to show negligence upon the part of appellant. Her boat, Japonica, was a staunch yacht, properly equipped and skillfully manned, in charge of an old, experienced captain, who used all the means in his power to control the yacht. The accident occurred during a terrific gale, the wind blowing ,from 50 to 60 miles an hour. There was some slight and insufficient testimony of persons claiming to know something about the matter as to the anchors being too light which were carried by the yacht, and that they dragged, but opposed to that was the testimony of experts, one of whom had been connected with the boat for three years, that the anchors were heavy enough, and had never dragged before. There is nothing to indicate negligence in anchoring the yacht in the place it was anchored. The wind shifted to different points of the compass, and it was beyond human ken to tell in which direction the boat would be driven. There was no testimony whatever tending to show incompetency upon the part of the employés of ·appellant who had charge of the yacht. The evidence tends to show that the employés did all that human power could do in the face of the ungovernable storm that was raging. The evidence, instead of showing negligence, tends to show that the yacht was damaged and in the grip of the storm, and could not be properly steered.

The judgment is reversed and the cause remanded.

### On Motion for Rehearing.

The record indicates that the facts in this case have been fully developed, and that it is useless to remand it for another trial. The motion of appellant is therefore granted, and judgment is here rendered that appellee take nothing by his suit, and that he pay all costs of this and the lower court.