CAMPBELL et al. v. WYLIE et al.
(No. 2137.)

(Court of Civil Appeals of Texas. Texarkana. May 28, 1919. Rehearing Denied May 29, 1919.)

VENUE ⊗⇒8—ACTIONS FOR INJURY BY AUTOMOBILE—"TRESPASS."

Under Rev. St. 1911, art. 1830, subd. 9, providing that where the foundation of a suit "is some crime or offense or trespass" for which a civil action lies it may be brought in the county where committed or where defendant is domiciled, suit may be brought in the county where a person is run over and killed by an automobile, negligently driven by the owner's agent acting within the scope of his authority, "trespass" being "some wrongful act committed, and not merely a tort resulting from the negligent omission to perform a duty."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trespass.]

Appeal from District Court, Franklin County; J. A. Ward, Judge.

Action by H. A. Wylie and others against Ralph Campbell and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

M. D. Carlock and W. D. Suiter, both of Winnsboro, for appellants.

J. H. Beavers, of Winnsboro, and Wilkinson & Davidson, of Mt. Vernon, for appellees.

LEVY, J. This is an action by the appellees against the appellants to recover damages for the death of their child, seven years of age, who was run over and killed by an automobile. The sole question on appeal is whether the suit should have been brought in the county where the defendants have their domicile, or may be brought in the county where the child was killed. The petition alleged that—

(1) "The plaintiff resides in Franklin county, Tex., and the defendants reside in Wood county, Tex.;" (2) "plaintiff would show to the court that at the time the plaintiff's said child was run over and killed the said automobile was being operated by the servant and employé of the defendants in Franklin county, Tex., and said child was killed in said Franklin county, Tex.;" and (3) "the child was standing by the side of the road in full view of the driv-. er of the car at the time he was killed, was on a straight road for over a hundred yards, and the said driver could, by the use of ordinary care, have prevented the killing, but he negligently ran the car at an unusual high rate of speed and in a careless and negligent manner, and failed to keep a proper lookout for persons along the road, and failed to stop the car to avoid striking the child."

The venue statute (Rev. St. 1911, art. 1830, subd. 9) provides:

"Where the foundation of the suit is some crime, or offense, or trespass, for which a civil action in damages may lie, the suit may be brought in the county where such crime, or offense, or trespass was committed, or in the county where the defendant has his domicile."

"Trespass," as used in the provision quoted, has been construed as meaning to embrace "some wrongful act committed, and not merely a tort resulting from the negligent omission to perform a duty." Wettermark v. Campbell, 93 Tex. 517, 56 S. W. 331; Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618; Winslow v. Gentry, 154 S. W. 260. And under the above rule it is thought that suit may be brought in the county where the injury occurred, against whoever negligently, as alleged, drives an automobile whereby another is run over and killed. And the appellants could be sued in the county where the trespass was committed by the alleged agent, acting within the scope of his authority. Carver Bros. v. Merrett, 184 S. W. 741.

The ruling of the trial court, it is concluded, should be affirmed.

---

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes