### RIGBY v. GAINES et al. (No. 7968.)

Court of Civil Appeals of Texas. San Antonio. March 28, 1928.

Rehearing Denied May 23, 1928.

1. Pleading ⊜⟩111—On plea of privilege, in action for injuries, court determines fact on evidence, whether negligence is shown warranting trial, where injury occurred (Rev. St. 1925, art. 1995, rule 9).

Court on defendant's plea of privilege is authorized to hear and determine evidence and issues of fact, in action for injuries, with respect to whether any active negligence is shown, within Rev. St. 1925, art. 1995, rule 9, which permits suit on trespass to be brought in county where trespass was committed.

2. Pleading ⊜⟩111—Plaintiff, to overcome plea of privilege, in action for injuries, must make prima facie case showing active negligence (Rev. St. 1925, art. 1995, rule 9).

On defendant's plea of privilege plaintiff, suing for injuries, must make prima facie case, by proof that injury was caused by active negligence of defendant, under Rev. St. 1925, art. 1995, rule 9, permitting suit based on trespass to be brought in county where trespass was committed, in order to overcome plea.

3. Pleading ⊜⟩111—Suit for injuries due to defendants' leaving unlighted truck on highway held not to show active negligence warranting trial, where accident occurred, as against plea of privilege (Rev. St. 1925, art. 1995, rule 9).

In action for injuries resulting from alleged negligence of defendants in leaving truck parked along side of road without light and with pipe projecting from rear, plaintiff failed to show case of active negligence on part of defendants, under Rev. St. 1925, art. 1995, rule 9, permitting suit based on trespass to be brought in county where trespass was committed, and defendants were therefore entitled to have case transferred to county of their residence on plea of privilege.

Appeal from Jim Wells County Court; R. R. Mullen, Judge.

Suit by Sam Rigby against L. C. Gaines and others. From a judgment sustaining defendants' plea of privilege, plaintiff appeals. Affirmed.

Perkins & Floyd, of Alice, for appellant.

L. E. Lawrence, of Hebbronville, for appellees.

COBBS, J. Appeal from Jim Wells county. Appellant sued appellees in the county court of Jim Wells county, alleging that on or about the 1st day of July, 1927, the appellees were conducting a truck line and hauling well machinery through the county of Jim Wells, and on or about said date said appellees passed through the city of Alice driving a large truck with drill pipe and well machinery thereon, and with such pipe projecting out from the rear of said truck; that appellees drove said truck, with such long extended and projected drill pipe to the rear thereof, on the highway east of Alice, and stopped the same on the side of the road without any light or warning as provided by law; that about 11 o'clock at night on said date, the appellant, in company with two other parties, riding in a Ford roadster, and going from the city of Alice to their home east of Alice in Jim Wells county, approached said truck parked on the highway without lights and at the same time met a moving car coming in the opposite direction and facing appellant; that the car moving toward appellant was equipped with proper lights and the glare from such lights prevented appellant from seeing said truck in the dark; appellant drove his car to the right side of the road to enable said approaching car to pass and, being blinded by said approaching car, and being unable to see said truck without lights, continued to move and drove into said pipe with such force as to practically demolish his Ford roadster, and in addition thereto sustained damage by losing the first joint of his index finger. Appellant alleged that appellees, their servants, agents, and employees were negligent in stopping said truck on the highway without a tail light or light upon said projected pipe, and, further, that they were negligent per se in violating the statutes of this state in not placing a light upon said extended pipe as provided by law, and that one or more of said negligent acts on the part of appellees, or some party for whose acts they were chargeable, caused the damage sustained by appellant.

Appellees filed a sworn plea of privilege demanding to be sued in Jim Hogg county, the county of his residence and domicile. The court, after having heard the pleading read and considered the evidence introduced, sustained said plea and ordered the case transferred from Jim Wells county to Jim Hogg county for trial on its merits.

The provision of the statute (rule 9, of article 1995, Rev. St. 1925) provides:

"*Crime or Trespass.*—A suit based upon a crime, offense, or trespass may be brought in

⊜⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

In order to hold the venue in Jim Hogg county and require appellant to answer to the suit in said county, it must appear from the pleadings and the evidence two things: First, that the alleged wrongful act constituted a trespass; and, second, that it was committed in Jim Hogg county. As said in Old v. Clark (Tex. Civ. App.) 271 S. W. 185:

"A plea of privilege is not the place to try a cause on its merits. It was necessary for appellants to offer sufficient proof to make a prima facie case on their allegations that the injury was caused by the active negligence of appellee, in order that the court might determine whether the venue of the case could be maintained in Dallas county under said subdivision 9 of article 1830, Revised Statutes. When such proof was made, appellants were given the right to have the issues thereon tried in Dallas county. Edmonds v. White (Tex. Civ. App.) 226 S. W. 819; Haddaway v. Burford (Tex. Civ. App.) 239 S. W. 627."

[1] Under the language employed in this case, supra, construing the statute, the court was authorized to hear evidence on the plea of privilege in respect to the question as to whether there was or not shown any "active negligence." This involved the determination by the court of all issues of fact. It is held in Campbell v. Wylie (Tex. Civ. App.) 212 S. W. 980:

" 'Trespass,' as used in the provision quoted, has been construed as meaning to embrace 'some wrongful act·committed, and not merely a tort resulting from the negligent omission to perform a duty.' Wettermark v. Campbell, 93 Tex. 517, 56 S. W. 331; Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618; Winslow v. Gentry [Tex. Civ. App.] 154 S. W. 260."

It is held in Texas Hardwood Co. v. Moore (Tex. Civ. App.) 235 S. W. 631:

"We do not understand that all of the concurring acts entering into and creating a cause of action must be 'wrongful acts willfully or negligently committed,' in order to constitute a trespass. It is sufficient if the cause of action has its beginning in an affirmative negligent act but for which the injury complained of would not have been sustained."

It is held in Brooks v. Hornbeck (Tex. Civ. App.) 274 S. W. 162:

"To constitute a 'trespass,' within Rev. St. art. 1830, subd. 9, as to venue, there must be an affirmative act, as distinguished from a mere failure to act, but act may be inherently right if properly performed, and yet, if performed in a culpably negligent manner, resulting in injury to another, be a misfeasance or trespass as to such person."

It is the contention of appellee that the record fails to show that he acted negligently, but was an affirmative act connected with a negligent act in which no relief can be given.

· In Latta v. Bier (Tex. Civ. App.) 281 S. W. 240, the opinion followed the Texas Court of Civil Appeals in Brooks v. Hornbeck, 274 S. W. 162, and Geary et al. v. Word, 259 S. W. 309, and denied the plea of privilege on the ground that it was an affirmative act connected with a negligent act in which no relief was given.

In Jacobson v. Berwick (Tex. Civ. App.) 289 S. W. 1035, it is held:

"In action for injuries sustained| through forming pontoons over river against which pontoons plaintiff was thrown when engine in motor launch went dead, facts alleged in petition aside from consideration of sufficiency of controverting affidavit held insufficient to state cause of action for trespass, which, under Rev. St. 1925, art. 1995 (1830) subd. 9, was made exception to general rule that defendant must be sued in county of residence, defendant having interposed plea of privilege. * * * To constitute trespass within meaning of Rev. St. 1925, art. 1995 (1830) subd. 9, permitting defendant to be sued where trespass occurred, act from which injury flowed must have been wrongful; mere negligent act or omission of duty being insufficient to constitute trespass."

[2] It was necessary for the appellant to make prima facie case by proof that the injury was caused by the active negligence of appellee in order to overcome the plea of privilege, which involved a finding of facts. Upon the testimony offered on the trial of this plea, the court found the facts in favor of appellee and ordered the case transferred to Jim Hogg county for final trial and disposition.

[3] We do not think appellant has shown a case of such active negligence as to justify the trial in Jim Wells county instead of the residence of appellees, Jim Hogg county, as pleaded by appellees.

The assignments are overruled, and the judgment is affirmed.