## THOMPSON et al. v. WYNNE. (No. 697.)

Court of Civil Appeals of Texas. Waco.
Sept. 27, 1928.

Sleeper, Boynton & Kendall, of Waco, for appellants.

Hamilton & Kibler, of Waco, for appellee.

STANFORD, J. This suit was filed by appellee, Mrs. Grace C. Wynne, in the district court of McLennan county, Tex., against J. A. Thompson and Howard Bland, residents of Williamson county, Tex., and whom she alleged to be residents of said Williamson county. The purpose of said suit appears to be to recover of appellants damages for their alleged alienation of her husband's affection and for inducing him to breach his marriage contract with her, and thereby depriving her of support and maintenance she was entitled to expect from her husband. Appellants filed a plea of privilege in statutory form, alleging their residence to be in Williamson county, Tex., and claiming their right to have said case transferred to the county of their residence for trial. Appellee thereupon filed a controverting affidavit, which embraced a copy of her amended original petition, and claimed the right to maintain venue of said suit in McLennan county under the provisions of article 1995, subd. 9, Revised Civil Statutes, which reads as follows:

"A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

On the hearing of said plea to the venue and controverting affidavit, the court overruled appellants' demurrer to the sufficiency of the controverting affidavit, and overruled appellants' plea of privilege, from which action of the court the appellants have duly appealed and present the record here for review.

Under appellants' first four propositions they contend that appellee's controverting affidavit to appellants' plea of privilege was subject to general demurrer, because the facts set up in said controverting affidavit, taken as true, do not show the commission by appellants of any crime, offense, or trespass toward appellee or in connection with her, within the meaning of subdivision 9 of article 1995 of the Revised Civil Statutes. Under appellants' remaining propositions, they contend that, on the hearing of the plea of privilege, appellee failed to produce and evidence that appellants had been guilty of a trespass on appellee, or in connection with appellee, entitling her to maintain her action against them in McLennan county. We will consider the latter contention first, for, if there was no evidence bringing this case within the provisions of the claimed exception to our venue statute, then it becomes unnecessary to consider the suf-

ficiency of the allegations of the controverting affidavit. The rule is that the facts, and not what the plaintiff alleges the facts to be, are to be looked to in determining the question made by a plea of privilege, and the controverting affidavit. The plea and affidavit are valuable only as pleadings, and are not evidence of the facts alleged. First National Bank v. Sanford (Tex. Civ. App.) 228 S. W. 650, and cases cited.

The record discloses: That appellee and R. V. Wynne were husband and wife. That they were married in October, 1915. That at said time R. V. Wynne was about 40 years of age, and was in the employ of the Western Union Telegraph Company, making $150 per month. R. V. Wynne was employed by appellants as supervisor of the Provident office building, and began his duties as such on January 15, 1920, and was discharged by appellants on January 1, 1927; no reason being given for such discharge. R. V. Wynne testified, by deposition, as follows:

"At the time I was in the employ of appellants they resided at Taylor, Tex. They both made trips together and separately to Waco, Tex., while I was employed by them. Mr. Thompson made trips on an average of about once each month. * * * Mr. Thompson usually notified me in advance of his coming to Waco; Mr. Bland did sometimes, but not always. Mr. Thompson usually notified me to reserve his room at the Waco Hotel, and to fix everything—meaning get him a prescription for whisky and to notify the girl of the time of his coming. I do not remember that Bland ever gave me any instructions. Thompson gave his instructions usually prior to every trip. I obeyed them by securing prescription and purchasing the whisky and getting into communication with the girl he had reference to in his order. To the best of my memory I never secured any other drinks than whisky under the instructions I received, but on one occasion I went with Mr. Bland, accompanied by two women, to try and get some beer, but failed to get same. As I have already stated, Mr. Thompson instructed me to notify 'the girl' of his coming, and when, and she already knew where to go. This was done on practically every trip made by Mr. Thompson to Waco. I spent some time with Thompson and Bland every time they were in town. I was usually present with both Thompson and Bland every time they were in Waco. Usually there was always one or more women present whenever I was at the hotel with either of them. We had a party at such times. I did not use intoxicants at the time I was first employed by the defendants, nor did I associate with or have immoral relations with lewd women or women of immoral character prior to the time I was first employed by them."

The evidence of appellee is sufficient to show that her husband, R. V. Wynne, after his employment by appellants, became addicted to drink; was found drunk in his office; on several occasions came home drunk; that he spent his earnings for drink; that he failed to support her; that after he was dis-

charged by appellants he was unable to get desirable employment; that they continued to live together after the discharge, but their relations were unpleasant, and finally her husband left, going to Shreveport, La.

As above stated, this suit is sought to be maintained in McLennan county, upon the ground that it is based upon a crime, offense, or trespass committed in said county. There is no contention that it is based upon any crime or offense committed in said county, but that the acts of appellants amounted to a trespass. The meaning of this term, as used in our statutes, came before our Supreme Court in the case of Hill et al. v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618, in which Judge Gaines said:

"In its widest signification, it means any violation of law. In its most restricted sense, it signifies an injury intentionally inflicted by force either upon the person or property of another. But it still has a signification in law much more narrow than the first, and more enlarged than the second meaning given, and embraces all cases where injury is done to the person or to property, and is the indirect result of wrongful force. Abb. Law Dict. 'Trespass.' In this last sense the word would include injuries to persons or property which are the result of the negligence of the wrongdoer, and it seems to us more in consonance with the purpose and spirit of the exception to hold that it was in this sense that it intended that the word should be understood. We presume the exception was made in the interest of the injured party, and not of the wrongdoer; and we see no good reason why a distinction should be made between an injury resulting from intentional violence and one resulting from negligence. It occurs to us the consideration which induced the exception was that one who had been injured in his person or his property by the willful or negligent conduct of another should not be driven to a distant forum to get a redress of his wrongs."

See, also, Ricker et al. v. Shoemaker, 81 Tex. 22, 16 S. W. 645; Wettermark v. Campbell et al., 93 Tex. 517, 56 S. W. 331; Rotan v. Maedgen et al., 24 Tex. Civ. App. 558, 59 S. W. 585; Winslow v. Gentry (Tex. Civ. App.) 154 S. W. 260; Campbell v. Wylie et al. (Tex. Civ. App.) 212 S. W. 980; Geary et al. v. Word (Tex. Civ. App.) 259 S. W. 309. From these authorities we think it clearly appears that, to constitute a trespass within the meaning of our venue statute, there must be an intentional wrong directed against or done in connection with the party suing, or there must be a negligent act from which an injury results to the party suing as the direct and proximate result thereof. There is no evidence in the record that appellants, or either of them, ever said a word to R. V. Wynne or any one else in reference to his wife, appellee herein. There is no evidence that either of said parties ever did or performed any act that had any relation whatever to appellee or her relation to her hus-

band. There is no evidence that appellants, or either of them, ever said or did anything to lessen R. V. Wynne's affections for appellee, or that was calculated to cause him to breach his marriage contract with appellee. Burnett v. Cobb (Tex. Civ. App.) 262 S. W. 826; Nieberg v. Cohen, 88 Vt. 281, 92 A. 214, L. R. A. 1915C, 483, Ann. Cas. 1916C, 476; also, Hughes v. Holman, 110 Or. 415, 223 P. 730, 31 A. L. R. 1108. The only acts claimed to constitute a trespass on the part of appellants, within the meaning of our venue statute, were that Thompson, before coming to Waco, would notify appellee's husband to reserve his room at the hotel and "to fix everything," which her husband testified meant that he should get him a prescription for whisky and to notify the girl of the time of his coming. It is true this witness not only testified to getting the prescriptions, but he also procured the whisky, and said he was with appellants at the hotel when one or more women would be present, and said, "We had a party at such times." There is no evidence that appellants ever at any time coerced, enticed, or used any force or undue influence upon the witness Wynne or did anything to induce him to drink or be present at such parties. In fact, there is no evidence that appellants ever invited him to take a drink or to be present at said "parties." There is no evidence that appellants committed a trespass against anyone, but, if they committed a trespass against any one, it was against R. V. Wynne, and not against appellee, his wife. Suppose appellants, as a friendly act, had given Wynne, a man 47 years of age, a drink of whisky, would this have been a trespass within the meaning of the term under discussion? And suppose, following this first drink, he had taken others, until he became a habitual drinker, lost his job, etc. Would appellants' giving him said first drink as a friendly act have been a trespass upon the person or property of R. V. Wynne, and entitled him to maintain a suit for damages in the county where such alleged trespass was committed? If such would not be a trespass against R. V. Wynne, then could it be a trespass against his wife? The most that can be said in this case is that the influence of appellants over R. V. Wynne may have caused him to take to drink and the association with immoral women. No doubt men are morally responsible for their mere influence, unaccompanied by any wrongful or negligent acts directed against the injured party or resulting directly in his injury, but not so legally. There is no evidence that appellants committed a crime, offense, or trespass in McLennan county against appellee, within the purview of article 1995, subd. 9, Revised Statutes. The trial court should have sustained appellants' plea of privilege.

For the error indicated, the judgment is reversed, and the cause remanded, with instructions to the trial court to sustain appellants' plea of privilege and transfer said cause to the district court of Williamson county, Tex.