CRESPI v. WIGLEY. (No. 812.)

Court of Civil Appeals of Texas. Waco.
May 30, 1929.

Rehearing Denied June 27, 1929.

Crane & Crane, of Dallas, and W. L. Eason and Bryan & Maxwell, all of Waco, for appellant.

Williams, Williams, McClellan & Lincoln, of Waco, for appellee.

BARCUS, J. Appellant prosecutes this appeal from an interlocutory order entered by the trial court overruling his plea of privilege. Appellee instituted this suit against appellant, a resident citizen of Dallas county, to recover damages, claiming that appellant had, in McLennan county, won the love, affection, and confidence of his wife, Florence Wigley, and had alienated her love, affection, and confidence from him. Appellant filed his plea of privilege to be sued in the county of his residence. Appellee filed a controverting affidavit, and seeks to hold venue in McLennan county under subdivision 9 of article 1995 of the Revised Statutes, which authorizes a suit to be instituted, when based upon a crime, offense, or trespass, in the county where such crime, offense, or trespass was committed. A jury was impaneled, and, in response to special issues submitted by the court, found that appellant did by intentional conduct gain the affections of appellee's wife while she was his wife, and that some of the acts or conduct of appellant, in pursuance of the intentional purpose to gain her affection, occurred in McLennan county. No other issue was submitted by the trial court and none requested, except appellant requested a peremptory instruction in his favor.

██ Appellant contends that the alienation of a wife's affection or the gaining of her love and affection by words, acts, or conduct which do not amount to criminal communications, but which do cause her to leave her husband, does not constitute a "trespass" within the meaning or contemplation of subdivision 9 of said article 1995; his contention, as we understand same, being that such actions and conduct constitute a trespass on the case, rather than a trespass, and that if same is a trespass on the case, said exception to the venue statute does not apply. We overrule this contention. The rule seems to be well established that where a party willfully or intentionally, by words spoken, acts done, or influences put in motion, causes another person injury, either to his person or property, same is, within the contemplation of the venue statute, a trespass. The rule which seems to have been adopted by our courts, as well as the courts of other states that have a venue statute similar to ours, is that a trespass within the contemplation of the venue statute embraces not only actions of trespass proper, as known to the common law, but also actions of trespass on the case where an injury has been willfully, intentionally, or negligently done by one party to the person or property of another. Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618; Cahn Bros. & Co. v. Bonnett, 62 Tex. 674; Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645; Cox v. Strickland, 120 Ga. 104, 47 S. E. 912, 1 Ann. Cas. 870; Geary v. Word (Tex. Civ. App.) 259 S. W. 309; Thompson v. Wynne (Tex. Civ. App.) 9 S.W.(2d) 745; Wettermark v. Campbell, 93 Tex. 517, 56 S. W. 331; Ward v. Odem (Tex. Civ. App.) 153 S. W. 634; Brooks v. Hornbeck (Tex. Civ. App.) 274 S. W. 162; 26 R. C. L. 934. In Hill v. Kimball, supra, our Supreme Court held that a trespass, within the meaning of the venue statutes, included all injuries to persons or property which are the result of the negligence or of the intentional or willful action of the wrongdoer, and specifically held that the word "trespass" embraced not only actions of trespass proper, as known to the common law, but also actions of trespass on the case. This holding has never been overruled, but, on the contrary, has been in this respect, as shown by the above authorities, several times affirmatively approved. In the case of Cox v. Strickland, supra, the Supreme Court of Georgia construed a similar statute on the venue question, and in a well-written opinion collated the authorities from a number of the different states, announced the same doctrine, and followed the same rule as that embraced in Hill v. Kimball, supra.

Appellant by a number of propositions contends that the testimony relative to certain acts, words, and conversations had by appellant with appellee's wife in Fort Worth, New York, and other places, including an extended trip to Europe, was inadmissible, because same was 'irrelevant, immaterial, and prejudicial; his contention being that it did not tend to prove any trespass as having been committed in McLennan county. We overrule these propositions. The record shows that for some eight or ten years prior to the filing of this suit, appellant and his wife, Louise Crespi, and appellee and his wife, Florence Wigley, were living in Waco; that during the last three or four years prior to the summer of 1927, they were more or less associated with each other in the same social group and were frequently thrown with each other; appellee's contention being, and the testimony offered by him in support of his controverting affidavit on the question of venue tended to show, that during those years appellant, in McLennan county, sought and did win or gain the affection of appellee's wife. The testimony objected to was with reference to trips outside the county during these periods. Said testimony tended to throw light upon and explain the hold and influence appellant had obtained over Mrs. Wigley by his actions, words, and conduct that did occur and take place admittedly in McLennan county. We do not think said testimony was subject to any of the objections urged.

Appellant further contends by different propositions that the testimony of appellee was not clear and convincing that the trespass, if any, committed by him was done in McLennan county; his contention being that in order to sustain appellee's controverting affidavit, the testimony must reach that degree of certainty which would show beyond any controversy that a trespass had been actually committed by him within McLennan county. We do not understand the rule to be so strict. Unquestionably, the rule is well established that with the venue challenged under proper pleading by one sued without his county, the burden not only to allege, but to prove, that the case is within one of the exceptions to the statute rests on the plaintiff. Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896, and authorities there cited. It is not, however, required that the proof offered by plaintiff in support of his alleged ground of venue be uncontradicted, nor is it required to be clear and convincing. It is only necessary for the evidence offered in support thereof to be sufficient to sustain the findings of the jury or trial court that the cause of action alleged in the petition comes within the alleged exception to the venue statute. In this case, we think the testimony is sufficient to sustain the finding of the jury as well as the order of the trial court in overruling the plea of privilege. Palmer v. Pinkston (Tex. Civ. App.) 282 S. W. 668; Miller v. Flynn (Tex. Civ. App.) 279 S. W. 879; First National Bank v. Childs (Tex. Civ. App.) 231 S. W. 807; Griffin v. Linn (Tex. Civ. App.) 3 S.W.(2d) 148; Edmonds v. White (Tex. Civ. App.) 226 S. W. 819; Texas Portland Cement Co. v. Carsey (Tex. Civ. App.) 3 S.W.(2d) 930. The record shows that appellee was married to Florence Wigley (née Patton) in 1917, and to them were born two children. During all of their married life they lived in Waco. Appellant was a man some 10 or 15 years older than Florence Wigley, and he and his wife for some 20 years had lived in Waco. Appellant and his wife and appellee and his wife belonged to the same social group. Their homes were in the same neighborhood. During the three or four years prior to the time Mrs. Wigley obtained a divorce from her husband in November, 1927, appellant frequently played golf with Mrs. Wigley in McLennan county, and they were often together at various social gatherings in Waco and would dance together and play cards together, and he telephoned her almost daily. On several different occasions while appellant's wife was out of the city, Mrs. Wigley, on appellant's invitation, assisted him in entertaining parties at his (appellant's) home, and on said occasions she acted as hostess. During this period of time on several occasions when Mrs. Wigley left Waco on pleasure trips, appellant would join her or visit her, and while away they would carry on regular correspondence with each other. In June, 1927, appellee's wife, Mrs. Wigley, went on an extended trip to Europe. She was joined on this trip after she reached Europe by appellant, who spent several weeks with her, touring the old country. Appellant testified that he moved his residence from McLennan county to Dallas county in June, 1927. On June 15, 1927, appellant's wife filed suit in McLennan county for a divorce. On September 24, 1927, appellee's wife sued him in McLennan county for a divorce, and each of said divorce cases was heard and the divorces were granted on November 5, 1927. On February 6, 1928, appellee's wife, Mrs. Wigley, married appellant. Without further stating the testimony, we think it is sufficient to sustain the jury's finding as well as to sustain the judgment of the trial court overruling appellant's plea of privilege.

We have examined all of appellant's assignments of error, and same are overruled.

The judgment of the trial court is affirmed.