**LAWLESS v. TIDWELL.  (No. 663.)**

Court of Civil Appeals of Texas.  Eastland. Jan. 31, 1930.

Supplemental Opinion Feb. 7, 1930.

Cox & Hayden, of Abilene, for appellant.

R. S. Cockerell and Dickson & Dickson, all of Seymour, for appellee.

HICKMAN, C. J. The appeal is from an order overruling appellant's plea of privilege to be sued in Taylor county, the county of his residence. The suit was brought by appellee against appellant to recover damages for personal injuries sustained on account of the alleged negligent operation by appellant of an automobile. It was alleged that the car in which appellee was riding had been stopped on the side of the highway in Baylor county for engine repairs, and that appellant negligently drove his car into it, striking same in the rear end thereof, and inflicting the injuries complained of.

The brief contains five propositions. The first three complain of the action of the trial court in overruling special exceptions to appellee's controverting plea. These exceptions challenged the sufficiency of the facts stated in the plea to show venue in Baylor county. The only allegations of fact contained in the plea were: "That defendant while operating his automobile upon and over the highway in Baylor County, Texas, operated the same in a negligent manner in such a way as to be guilty of a trespass; and that while so operating his automobile negligently defendant drove his automobile into and against the car in which plaintiff was riding, causing bodily injury to this plaintiff; that said action is based on personal injuries caused by active negligence on the part of the defendant."

While the plea did not state which exceptional provision of the venue statute was relied upon, it is apparent from the language above quoted that it was exception No. 9 of article 1995, R. S. 1925. This section reads as follows: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

■■ The controverting plea cannot be aided by the allegations of the petition, if, in fact, they were sufficient to lend aid thereto, because the plea did not refer to the petition and make it a part thereof. Appellee's right to bring appellant away from the county of his residence, and compel him to answer a suit in another county, must therefore rest upon a determination of whether the facts alleged in his plea above copied, were, within themselves, sufficient to bring the case within the terms of the exceptional provision above quoted. It is well settled that the controverting affidavit itself must set out specifically the facts relied upon to confer venue. This is clearly the rule when the plea does not make the petition a part thereof. Article 2007, R. S. 1925; Jacobson v. Berwick (Tex. Civ. App.) 289 S. W. 1035; Moore v. Investment Finance Corp. (Tex. Civ. App.) 299 S. W. 324; Grogan-Cochran Lbr. Co. v. McWhorter (Tex. Civ. App.) 4 S.W.(2d) 995; Rigby v. Gaines (Tex. Civ. App.) 6 S.W.(2d) 422; Bender v. Kowalski (Tex. Civ. App.) 13 S.W.(2d) 201.

■ It is also well settled that, in order to confer venue of a case in a county not the residence of the defendant under exception No. 9, based upon a contention that a trespass was committed in such county, some wrongful act must have been committed in that county, and not merely a tort resulting from the negligent omission to perform a duty. Active negligence, as distinguished from passive negligence, must be shown. Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645; Wettermark v. Campbell, 93 Tex. 517, 56 S. W. 331; Austin v. Cameron, 83 Tex. 351, 18 S. W. 437; Jacobson v. Berwick, supra; Campbell v. Wylie (Tex. Civ. App.) 212 S. W. 980; Frnka v. Beaumert (Tex. Civ. App.) 290 S. W. 808.

■ Examining the allegations contained in the plea in the light of these established rules, it clearly appears that they are insuffi-

cient. No specific act of negligence, either active or passive, is alleged. One of the special exceptions complained of the plea on the ground that special acts of negligence were not set out, but only general conclusions of the pleader. The other special exceptions presented similar questions. On the authority of the cases above cited, these exceptions were good, and should have been sustained.

The fourth proposition challenges the sufficiency of the evidence to support the judgment. This proposition is also sustained. The only evidence relied on by appellee was his own testimony. The substance of his testimony was that the car in which he was riding was standing on the right-hand side of the highway, and appellant's car ran into it, striking it from the rear. He did not testify as to the situation confronting appellant at the time, or as to any specific facts showing a trespass by appellant.

The fifth proposition is wholly without merit and will not be discussed.

In view of the fact that the trial court overruled the special exceptions, and appellee has therefore had no opportunity to amend to meet the ruling of the court, we will not enter an order transferring the venue of this cause to Taylor county, but will remand the cause to the district court of Baylor county for a new trial on the plea of privilege issue. Should the appellee elect to amend his plea so as to conform with this opinion, the trial court will hear and determine the issues presented. Should appellee not elect to amend, the trial court will transfer the venue of this cause to Taylor county.

Reversed and remanded.

#### Supplemental Opinion.

Since handing down the above opinion, we have had occasion to read the opinion by the Court of Civil Appeals at Galveston, in the case of Cook v. Guxman, 19 S.W.(2d) 855, and we now cite that case as an additional authority in support of all the holdings in the original opinion.