## PADGETT v. LAKE CISCO AMUSEMENT CO. et al.

### No. 1004.

Court of Civil Appeals of Texas. Eastland.

Oct. 28, 1932.

Grisham, Patterson & Grisham, of Eastland, for appellant.

Butts & Wright, of Cisco, for appellees.

LESLIE, J.

This is an appeal from a judgment of the district court sustaining the plea of privilege of the defendant Walter A. Myrick to be sued in Lubbock county. The plaintiff, C. K. Padgett, sued the Lake Cisco Amusement Company, a corporation, J. M. Williamson, and said Myrick in Eastland county, seeking to recover damages accruing to him by reason of personal injuries sustained by him while riding on a defective slide alleged to have been thus negligently maintained by the defendants at the park of the amusement company. It was alleged that Eastland county was the residence of Williamson and the domicile of the corporation, and the testimony so shows. The plea of privilege being filed, the plaintiff in due time filed his controverting affidavit, in which he seeks to maintain the venue against Myrick in East-

land county under exceptions 4 and 29a to the general venue statute (article 1995). Myrick is shown to reside in Lubbock county.

Exception 4 is to the effect that, where two or more defendants reside in different counties, suit may be brought in any county where any one of the defendants resides. This statute has frequently been construed, and to meet the requirements of the same and come within its provisions, certain definite rules and principles as to pleading and proof have been announced and must be complied with. For instance, to authorize the plaintiff to maintain this suit in Eastland county against the defendant Myrick, he must have a bona fide cause of action against the amusement company and Williamson, or one of them, as well as Myrick, and such cause of action must be a joint one; or at least the cause of action against the resident defendant must grow out of the same transaction and be so intimately connected with the cause of action against Myrick, the nonresident defendant that the two should be joined under the rule intended to avoid a multiplicity of suits. Such is the test laid down by the Supreme Court in the opinion in Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747, in answer to certified questions. It is also there held, as it has often been held before and since, that, where the plaintiff seeks to maintain a suit against the defendant outside the county of his residence under exception 4, he is required to both allege and prove the facts necessary to clearly bring his case under that particular exception, and the burden is upon him to prove the allegations of his petition to the extent of showing a bona fide cause of action against the resident defendant, as well as the nonresident defendant, and to thus bring it within the limitations of the test above stated. Richardson v. D. S. Cage Co., supra; Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.(2d) 495; World Company v. Dow, 116 Tex. 146, 287 S. W. 241; Graves v. Buzbee (Tex. Civ. App.) 45 S.W.(2d) 392; Austin v. Bearden (Tex. Civ. App.) 18 S.W.(2d) 856; Justin McCarty, Inc., v. Ash (Tex. Civ. App.) 18 S.W.(2d) 765; Russell Grader Mfg. Co. v. McMillin (Tex. Civ. App.) 271 S. W. 124; First National Bank of Bowie v. Bulls (Tex. Civ. App.) 243 S. W. 577; Jackson v. United Producers' Pipe Line Co. (Tex. Civ. App.) 33 S.W.(2d) 540, 541.

Applying the above test to the proof made by the plaintiff on the trial of the plea of privilege in the instant case, we are of the opinion that the plaintiff wholly failed to meet its requirements, for there is no evidence in the record that the plaintiff, Padgett, sustained any personal injury from negligent acts of omission or commission chargeable to the amusement company and Williamson, or either of them, or to Myrick himself. The plaintiff did not testify. The only testimony referable to any injury is the following: Plaintiff's attorney, while one Hunt was testifying, interrogated him thus: "You were not in charge when this boy received his injury out there, were you?" To which the witness answered, "Yes sir." The further question was propounded: "Do you remember about the day of that accident?" To this the opposing counsel agreed that such date was June 21, 1931. Then the following question: "All right, do you know whether or not this man received his injury while riding on a slide or toboggan, or whatever you call it, out there?" And the witness answered, "He did."

From the statements quoted there is at most but an implication that the plaintiff sustained an injury at the time and place mentioned. These statements, taken alone or with the other testimony, fail to establish that the plaintiff sustained, on said occasion, an injury proximately resulting from negligence on the part of the resident defendants, or either of them, or Myrick. Hence, we conclude that the trial court did not err in sustaining the plea of privilege. It is obvious that plaintiff did not prove the bona fide cause of action required by the above test and the authorities there cited.

Of course, the allegations contained in the plaintiff's petition and controverting affidavit are not proof of the facts therein alleged. World Co. v. Dow, and Richardson v. D. S. Cage Co., supra.

For the same reasons the venue could not be maintained under subdivision 29a. The testimony fails to fix on Myrick the status of a necessary party. As to the resident defendants the testimony was insufficient to disclose a prima facie cause of action lawfully maintainable in Eastland county against either of them.

If it be assumed that the plaintiff endeavors to maintain his suit in Eastland county under exception 9 to the general venue statute, basing it upon a trespass committed in said county, a wrongful act must have been committed by the defendant Myrick in that county, and not merely a tort resulting from the negligent omission to perform a duty. In other words, it would be necessary in such a case for the plaintiff both to allege and prove the fact or facts constituting active negligence as distinguished from passive negligence. Cook v. Guzman (Tex. Civ. App.) 19 S.W.(2d) 855; Lawless v. Tidwell (Tex. Civ. App.) 24 S.W.(2d) 515; Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618; Rigby v. Gaines (Tex. Civ. App.) 6 S.W.(2d) 422; Vaught v. Jones (Tex. Civ. App.) 8 S.W.(2d) 800; Thompson v. Wynne (Tex. Civ. App.) 9 S.W.(2d) 745; Winslow v. Gentry (Tex. Civ. App.) 154 S. W. 260.

From the viewpoint of a trespass thus committed, it is clear that there is no testi-

mony to be found in the record convicting the defendant Myrick of active negligence.

Other phases of the case need not be discussed.

For the reasons assigned the judgment of the trial court is affirmed.